# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**MATTIE B.,[1]**

                Plaintiff,

     v.

**COMMISSIONER OF SOCIAL
SECURITY**,

                Defendant.

Civ. No. 3:19-cv-00801-SU

**OPINION & ORDER**

_____

SULLIVAN, Magistrate Judge:

     Plaintiff Mattie B. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying benefits. All parties have consented to magistrate judge jurisdiction in this case. ECF No. 16. The decision of the Commissioner is AFFIRMED and this case is DISMISSED.

## BACKGROUND

     On November 9, 2015, Plaintiff filed a Title II application for a period of disability and disability insurance benefits alleging disability beginning on November 20, 2014. Tr. 15. The claims were denied initially and upon reconsideration. *Id.* At Plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on April 13, 2018. *Id.* On May 30, 2018, the ALJ issued a decision finding Plaintiff not disabled. Tr. 26. The Appeals Council denied

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1.  This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011).

> The five-steps are: (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25; *see also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54.

**THE ALJ'S FINDINGS**

The ALJ performed the sequential analysis.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date, November 20, 2014.  Tr. 17. The ALJ determined Plaintiff had the following severe impairments: scoliosis and status-post lumbar spine surgery with degenerative joint disease.  *Id.*  The ALJ determined Plaintiff's impairments did not meet or equal a listed impairment.  Tr. 20.

The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform light work with the following additional restrictions: she can occasionally lift and/or carry twenty pounds and frequently lift and/or carry ten pounds during an eight-hour workday; she can stand or walk for at least six hours out of an eight-hour workday; she can sit for at least six hours in an eight-hour workday; she can occasionally climb ladders, ropes, or scaffolds; she can occasionally crawl; and she is able to tolerate occasional exposure to vibrations and extremely cold temperatures.  Tr. 21.

The ALJ determined that Plaintiff was able to perform her past relevant work as a food service worker, a bindery worker, or a produce sorter.  Tr. 25-26.  Accordingly, the ALJ determined Plaintiff was not disabled.  Tr. 26.

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that

supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

When the evidence before the ALJ is subject to more than one rational interpretation, courts must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff alleges the ALJ erred by (1) discounting the opinion of the consultative examiner (2) finding that Plaintiff's mental impairments were not severe at step two of the sequential analysis.

### I.    Medical Opinion Evidence

Plaintiff contends that the ALJ erred by discounting the opinion of consultative examiner Raymond P. Nolan, M.D., Ph.D. The ALJ is responsible for resolving conflicts in the medical record. *Carmickle*, *v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant[.]" *Turner v. Comm'r*, 613 F.3d 1217, 1222 (9th Cir. 2010) (internal quotation marks and citation omitted). An ALJ may reject the uncontradicted medical opinion of a treating or examining physician only for "clear and convincing" reasons supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ may

reject the contradicted opinion of a treating or examining doctor by providing "specific and legitimate reasons that are supported by substantial evidence." *Id.*

In this case, Dr. Nolan examined Plaintiff on March 14, 2016. Tr. 393-94. Dr. Nolan assessed chronic lower back pain, intermittent neck pain, and a restricted of range of motion with possible biceps tendinopathy in her right shoulder. Tr. 394. In terms of functional capabilities, Dr. Nolan opined that Plaintiff would be limited to standing for one hour in an eight-hour workday and walking for one hour in an eight-hour workday. *Id.*

The ALJ assigned "very little weight" to Dr. Nolan's opinion of Plaintiff's standing and walking limitations. Tr. 24. The ALJ found that Dr. Nolan's opinion was contradicted by other medical evidence and opinions in the record, which supported an episodic back pain that "does not consistently affect her physical functioning to the degree she alleged at [the] hearing." *Id.* The reviewing physicians also rejected Dr. Nolan's standing and walking limitation, noting that plaintiff "did have an antalgic gait on exam but also her tandem walk is normal, able to walk on toes/heels and able to squat/rise adequately." Tr. 92, *see also* Tr. 108-09 ("The CE examiner's opinion is an overestimate of the severity of the individual's restrictions/limitations."). The ALJ gave "substantial weight" to the opinions of the reviewing physicians. Tr. 24-25.

The ALJ noted that, although Dr. Nolan found antalgic gait, reduced range of motion, and positive straight leg raises on the right, subsequent clinical evaluations in November 2016, May 2017, and September 2017, Plaintiff "demonstrated normal gait, as well as normal strength throughout upper and lower extremities." Tr. 24. This is supported by Plaintiff's subsequent treatment notes. Tr. 423, 431, 434.

On this record, the Court concludes that the ALJ gave specific, legitimate reasons for rejecting the limitations assessed by Dr. Nolan and that those reasons are supported by substantial evidence in the record.

## II.    Step Two

Plaintiff contends that the ALJ erred by finding her mental health impairments to be non-severe at step two of the sequential analysis.   A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities."  20 C.F.R. § 404.1522(a).  The ability do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522 (b).  As noted, a plaintiff bears the burden of establishing the existence of a severe impairment at step two and to show that any error by the ALJ is harmful.  *Bustamante*, 262 F.3d at 953; *Shinseki*, 556 U.S. at 409.

Courts have held that step two is "merely a threshold determination meant to screen out weak claims."  *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017).  Step two "is not meant to identify the impairments that should be taken into account when determining the RFC.  In fact, in assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe."  *Id.* at 1048-49 (internal quotation marks and citations omitted).

The Ninth Circuit has held that when the ALJ has resolved step two in the claimant's favor, any error in designating specific impairments as severe at step two does not prejudice a claimant if the ALJ considered the impairments when formulating the RFC.  *See, e.g., Vivian v. Saul*, 780 F. App'x 526, 527 (9th Cir. 2019) ("Any error at step two in failing to list Vivian's hand, knee, and hip impairments and spinal osteoarthritis was harmless because the ALJ resolved step two in Vivian's favor and considered all of his symptoms in formulating the residual functional

capacity."); *Buck*, 869 F.3d at 1049 ("[S]tep two was decided in [the plaintiff's] favor after both hearings. He could not possibly have been prejudiced. Any alleged error is therefore harmless and cannot be the basis for a remand.") (citation omitted).

In the present case, the ALJ found that Plaintiff has mild limitations to her ability to understand, remember, and apply information, as well as to her social functioning, and her ability to concentrate, persist, and maintain pace. Tr. 19-20. The ALJ found no limitation to Plaintiff's ability to adapt or manage herself. Tr. 20. "Because the claimant's medically determinable mental impairment causes no more than mild limitation in any of the 4 functional areas, it is nonsevere." *Id.* The ALJ gave "great weight" to the opinions of the reviewing psychologists in reaching that determination. *Id.* Nevertheless, the ALJ resolved step two in Plaintiff's favor based on other severe impairments—scoliosis and status-post lumbar spine surgery with degenerative joint disease. Tr. 17-20.

Plaintiff contends that the ALJ erred by failing to discuss the opinion of Jon Rogers, Ph.D., who opined that Plaintiff's "ability to understand, remember, and carry out instructions and respond appropriately to supervision, co-workers, and work pressures in a work setting would be moderately impaired." Tr. 337. The ALJ need not discuss all evidence but must explain why "significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (internal quotation marks and citation omitted). In this case, Dr. Rogers evaluated Plaintiff in February 2010, more than four years before her alleged onset date. Tr. 331. "Medical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle*, 533 F.3d at 1165. Furthermore, Plaintiff continued to perform substantial gainful work in the years between Dr. Rogers's evaluation and the alleged onset date. Tr. 194. The Court concludes that Dr. Roger's opinion is not significant or probative and the ALJ did not err by declining to discuss it.

The ALJ did discuss information from the relevant period, however. Dr. Nolan performed a mini-mental status exam on Plaintiff in 2016, with a score of 28/30, which the ALJ considered in finding her mental impairments to be non-severe. Tr. 19-20, 393. The reviewing psychologists also found Plaintiff's mental impairments to be non-severe. Tr. 104-05. One reviewing psychologist opined that Plaintiff has no medically determinable mental impairments. Tr. 88. The ALJ also considered Plaintiff's mental impairments in formulating the RFC, despite finding them non-severe, and did not assign any functional limitations related to her mental impairments. Tr. 21, 25.

On this record, the Court concludes that Plaintiff has failed to establish harmful error at step two of the sequential analysis.

## CONCLUSION

Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is AFFIRMED and this case is DISMISSED.

It is so ORDERED and DATED this ___14th_____ day of August 2020.


  /s/ Patricia Sullivan
_____
PATRICIA SULLIVAN
United States Magistrate Judge